UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
APR 26 2007
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| PRIORITY RECORDS, LLC, a California., limited liability company; ARISTA RECORDS LLC, a Delaware limited liability company; BMG MUSIC, a New York general partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation,<br><br>　　　　Plaintiffs,<br><br>-vs-<br><br>JOHN FLUTE,<br>　　　　Defendant. | CIV. 06-4090<br><br>MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Plaintiffs' Application for Entry of Default Judgment, doc. 15, in this action against Defendant pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. For the following reasons, Plaintiffs' motion will be granted but the relief will not include an injunction.

### BACKGROUND

Plaintiffs are the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings ("Copyrighted Recordings"). Upon Plaintiffs' information and belief, Defendant is an individual who resides in this District.

On May 23, 2006, Plaintiffs commenced this suit against Defendant alleging that Defendant infringed on Plaintiffs' copyrights, including but not limited to the six sound recordings listed in Exhibit A to Plaintiffs' complaint. According to the complaint, Defendant John Flute, without

authorization, used an online media distribution system to download the Copyrighted Recordings to distribute them to the public and/or to make them available for distribution to others.

The record shows that Flute was properly served with the summons and complaint on June 7, 2006, by leaving copies at his residence with his wife, Debbie Flute.[1] (Doc. 8.) Flute has failed to file an answer or otherwise appear in this action. On February 27, 2007, Plaintiffs requested that the Clerk of Court enter default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Default was entered by the Clerk on March 6, 2007. The pending motion for default judgment was filed on March 6, 2007. Plaintiffs request a default judgment in the amount of $4,500 for statutory damages under the Copyright Act, costs in the amount of $420, and a permanent injunction prohibiting Flute from infringing on any sound recording that is owned or controlled by the Plaintiffs and requiring him to destroy all copies of sound recordings made in violation of Plaintiffs' rights. As of today, Flute has not responded to or opposed this motion.

## DISCUSSION

A.    Default Judgment

Under Rule 55, "[w]hen a party 'has failed to plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. American Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n. 2 (8th Cir. 1997). Thus, Rule 55 requires two steps before entry of a default judgment: "first, pursuant to Fed.R.Civ.P. 55(a), the party seeking a default judgment must have the clerk enter the default by submitting the required proof that the opposing party has failed to plead or otherwise

---

[1] Federal Rule of Civil Procedure 4(e)(2) allows service to be effected "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. . . ."

2

defend; second, pursuant to Fed.R.Civ.P. 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule." *Dahl v. Kanawha Inv. Holding Co.,* 161 F.R.D. 673, 683 (N.D.Iowa 1995). In this case, the Clerk of Court has entered the default of Flute pursuant to Rule 55(a), completing the first step in the process toward default judgment. The Court must now decide whether default judgment should be entered against Flute pursuant to Rule 55(b)(2).

In the Eighth Circuit, the entry of default judgment is appropriate when a party's conduct includes "'willful violations of court rules, contumacious conduct, or intentional delays.'" *Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 855 (8th Cir. 1996) (quoting *United States v. Harre,* 983 F.2d 128, 130 (8th Cir.1993)); *see Taylor v. City of Ballwin, Mo.,* 859 F.2d 1330, 1332 (8th Cir.1988) (quoting *E.F. Hutton & Co., Inc. v. Moffatt,* 460 F.2d 284, 285 (5th Cir.1972)); *Inman,* 120 F.3d at 119. Default judgments are not favored by the law, and default judgment is not an appropriate sanction for a "marginal failure to comply with time requirements." *Harre,* 983 F.2d at 130.

The two elements of a copyright infringement claim are ownership of a valid copyright and copying of original elements of the material. *Mulcahy v. Cheetah Learning LLC,* 386 F.3d 849, 852 (8th Cir. 2004). The unrefuted allegations in Plaintiffs' Complaint that Flute used an online media distribution system to copy Plaintiffs' copyrighted recordings and to distribute those recordings to others are sufficient to state a claim for copyright infringement. *See In re Aimster Copyright Litigation,* 334 F.3d 643, 645 (7th Cir.2003) ("If the music is copyrighted, [ ] swapping, which involves making and transmitting a digital copy of the music, infringes copyright. The swappers ... are [ ] direct infringers ."); *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir.2001) (individuals who upload and download music files without permission commit direct copyright infringement).[2]

---

[2] Plaintiffs have not cited an Eighth Circuit case on this issue, and the Court is not aware of an Eighth Circuit case addressing whether downloading music from the Internet violates the copyright owner's rights.

3

Flute has failed to appear, answer, or otherwise defend this case despite having been properly served with a copy of the Summons and Complaint over ten months ago. The Summons states that Flute was required to provide an answer to the Complaint within 20 days after service, and that a default judgment would be entered against him if he failed to answer. No irregularities appear on the face of the Summons, the Complaint or the Affidavit of Service. Flute's failure to respond without any given reason amounts to willful violation or ignoring of court rules including the Federal Rules of Civil Procedure. Default has been entered by the Clerk of Court and Plaintiffs are entitled to a default judgment based on Flute's lack of response.[3] The Court must now decide what damages to award Plaintiffs.

B.   Damages

1.   Statutory Damages

Instead of seeking actual damages under 17 U.S.C. § 504(b), a copyright owner may elect statutory damages under § 504(c). *See* 17 U.S.C. § 504(b); *see also Paramount Pictures Corp. v. Metro Program Network, Inc.*, 962 F.2d 775, 778-79 (8th Cir. 1992). The statute mandates that damages for all infringements with respect to any one work be at least $750. *See* 17 U.S.C. § 504(c)(1). Here, Plaintiffs have elected to seek the minimum statutory damages of $750 for each of the six infringements alleged in the Complaint, for a total of $4,500. These damages are easily ascertainable, and no evidentiary hearing is required. *See, e.g., Taylor v. City of Ballwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir.1988) (evidentiary hearing not necessary where facts in the record enable the court to fix the amount which the plaintiff is lawfully entitled to recover); *Ortiz-Gonzalez v. Fonovisa*, 277 F.3d 59 (1st Cir. 2002) (district court did not abuse discretion in declining to hold

---

[3] According to the record, Flute has not received any notice of these default proceedings. The Motion for Entry of Default, doc. 9, does not include a Certificate of Service or any other indication that Plaintiffs gave notice of the motion to Flute. There is no showing that the Clerk's Entry of Default, doc. 10, the Notice of Entry of Default, doc. 11, or the Motion for Default Judgment, doc. 12, were served on Flute. Rule 55 does not require notice to be given a defendant between the time of service of process and entry of default judgment, but this Court has a strong policy of deciding cases on their merits and this lack of notice will be taken into consideration if Flute files a motion to set aside the default judgment in this case.

4

hearing before awarding statutory damages after a default judgment for copyright infringement). Plaintiffs are entitled to the minimum statutory award of $4,500.

2.  Permanent Injunction

Plaintiffs request permanent injunctive relief to enjoin Flute from infringing on the six sound recordings listed in Exhibit A of the Complaint, and on any other sound recording owned by Plaintiffs, including sound records created in the future. They also ask that he be required to destroy any recordings in his possession. According to Plaintiffs, the injury caused by Flute cannot fully be compensated or measured in money, and they will continue to suffer injury unless the Court enjoins Flute from continuing to infringe Plaintiffs' copyrights. Section 502 of the Copyright Act allows a court to grant injunctive relief that is "reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). The Act also provides that, as part of a final judgment, a court "may order the destruction or other reasonable disposition of all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights." 17 U.S.C. § 503(b).

Before obtaining a permanent injunction the movant must have attained success on the merits. Then, to determine whether permanent injunctive relief is warranted, the Court must balance three factors: (1) the threat of irreparable harm to Plaintiffs; (2) the balance between this harm and the harm suffered by Defendant if the injunction is granted; and (3) the public interest. *See Bank One v. Guttau*, 190 F.3d 844, 847 (8th Cir.1999) (adapting generally the preliminary injunction factors announced in *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir.1981), to review a permanent injunction). Plaintiffs have succeeded on the merits by obtaining a default judgment against Flute for downloading six of Plaintiffs' Copyrighted Recordings, but they have not sufficiently supported their claim that a permanent injunction is essential to protect their interests. To justify their request for injunctive relief, Plaintiffs say Flute's failure to respond to the Complaint indicates that he does not take seriously the illegality of infringement and therefore might continue infringing in the absence of an injunction. But there is no evidence before the Court that Flute has copied more than six recordings or that he has continued infringing activities. Without such evidence the Court cannot find either a threat of irreparable harm to Plaintiffs or that a permanent

injunction would serve the public interest in upholding copyright protections. On the current record, there is no basis for the permanent injunctive relief requested by Plaintiffs in this case.

3. Costs

Section 505 of the Copyright Act provides that "the court in its discretion may allow the recovery of full costs by or against any party...." 17 U.S.C. § 505. Plaintiffs have submitted a Declaration of Douglas E. Hoffman averring that they have incurred costs in the amount of $420. (Doc. 12-2.) The Court finds that the costs incurred by Plaintiffs in prosecuting this action are reasonable, and they are entitled to recover $420.

For these reasons, Plaintiffs' motion for default judgment for statutory damages and costs will be granted, but the request for a permanent injunction will be denied. Accordingly,

IT IS ORDERED:

1. That the Motion for Default Judgment, doc. 12, is granted as to statutory damages and costs.

2. That the Clerk of Court shall serve Defendant John Flute with a copy of this Memorandum Opinion and the Default Judgment by mailing it to the address listed for him on the Summons, doc. 3, and the Affidavit of Service, doc. 8.

Dated this 26th day of April, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _Shelly Margulies_
(SEAL)        DEPUTY

6